**\*\*NOT FOR PRINTED PUBLICATION\*\***

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | §   CASE NUMBER 9:15-CR-21-RC |
| v. | § |
| | § |
| | § |
| ROBERT LEE KOBE | § |
| | § |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR INJUNCTIVE RELIEF, MOTION FOR RELEASE, AND MOTION FOR TRANSFER

The court referred Defendant's Motion for Injunctive Relief (Doc. No. 57), Motion for Compassionate Release due to COVID-19 (Doc. No. 58), and Motion Requesting Transfer of Supervised Release (Doc. No. 59) to United States Magistrate Judge Zack Hawthorn for consideration pursuant to applicable laws and orders of this court.

After review and consideration of the above motions, Judge Hawthorn issued a report and recommendation denying Kobe's motions because he failed to properly exhaust his administrative remedies, did not meet the criteria for compassionate release, and was premature in his request for transfer of supervised release to the Western District of Louisiana.

Kobe filed objections to the report and recommendation arguing that: 1) it is fair and just to transfer his term of supervised release *now* so that he can be released from prison to his family in Lake Charles; and 2) adjusting for the award of good time credits, he has served his sentence in full as of January 18, 2020.

The court conducted a *de novo* review pursuant to FED. R. CIV. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C) of the pending motions, response, the record, Kobe's objections, and the applicable

law. As Kobe admits in one of his pleadings, because of previous supervised release revocations that run consecutively to his underlying sentence, he is currently serving a sentence of seventy-four months, not a sentence of sixty months. (Doc. No. 61, p. 2). His own calculations for his projected release date, with an adjustment for good-time credits, is January 14, 2021. (*Id.*) Therefore, Kobe is not eligible for release as he claims.

To the extent Kobe requests early release to a community confinement center, he still must exhaust his administrative remedies with the Bureau of Prisons (BOP). Kobe argued in his objections he cannot exhaust his administrative remedies because he is housed at a privately-run detention facility. However, even a prisoner in a private contract facility must pursue his administrative remedies first. *See Qattoum v. Gillis*, No. 5:18-CV-137-DCB-MTP, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020); *see also* 28 C.F.R. § 542.10 et al. In any event, the BOP website shows Kobe is no longer incarcerated at a private contract facility, but the United States Penitentiary in Leavenworth, Kansas, with a projected release date of November 11, 2021. Thus, Kobe has the ability to exhaust his administrative remedies. Further, the proper vehicle to challenge the execution of a sentence is a proceeding under 28 U.S.C. § 2241 in the same District where the person is incarcerated, after proper exhaustion.

The court also agrees with the magistrate judge that Kobe's request to transfer his supervised release is premature at this time.

The court finds the objections have no merit and that Judge Hawthorn's findings are correct. Accordingly, the court OVERRULES the Defendant's Objections (Doc. No. 67), ACCEPTS Judge Hawthorn's report and recommendation (Doc. No. 65), and DENIES the Defendant's Motion for Injunctive Relief (Doc. No. 57), Motion for Compassionate Release due

to COVID-19 (Doc. No. 58), and Motion Requesting Transfer of Supervised Release (Doc. No. 59).

      So ORDERED and SIGNED, Jul 29, 2020.

                                              Ron Clark
                                              Senior Judge